■ In the Matter of SOUTH PATH REALTY CORP., Appellant, v. CHARLES B. HOWE, as Acting Director of the Department of Building and Housing of the Town of Islip, Respondent.— In a proceeding pursuant to article 78 of the CPLR to review respondent's rescission of three building permits, petitioner appeals, as limited by its brief, from so much of a judgment of the Supreme Court, Suffolk County, dated February 14, 1969, as denied the application as to two of the permits. Judgment affirmed insofar as appealed from, with costs. Although, in our opinion, Special Term erred in treating the structures of the contemplated garden apartment development as distinct units instead of as an integrated whole (see *City of Buffalo* v. *Chadeayne,* 134 N. Y. 163; *Matter of Harris* v. *Coffey,* 6 A D 2d 898; *Telimar Homes* v. *Miller,* 14 A D 2d 586), it is nevertheless our view that Special Term properly denied the application as to two of the three building permits. In our opinion, the initial representation made by petitioner in applying for a change of zoning, that the proposed project would not exceed 60 units, was a material one, and respondent was not estopped from seeking to hold petitioner to its original statement of intent. Accordingly, respondent, having acted promptly, was justified in requesting a halt in construction and thereafter revoking the two permits which Special Term has refused to restore (cf. *Town of Greenburgh* v. *Buser,* 285 App. Div. 1090). Christ, Acting P. J., Munder, Martuscello and Kleinfeld, JJ., concur; (Beldock, P. J., deceased.)

■ In the Matter of EDNA V. WAREHAM, Respondent, v. FRANCIS T. J. WAREHAM, Appellant.— In a support proceeding, the appeal is from an order of the Family Court, Kings County, entered June 10, 1969, which denied appellant's motion for a rehearing of the proceeding. Order affirmed, without costs. The prior order dated September 27, 1967 is binding as to all matters that were litigated or should have been litigated. Since the matter now alleged does not fall into the category of newly discovered evidence, it was proper to deny a reopening of the issues inherently decided under the order of September 27, 1967 (*Statter* v. *Statter,* 2 N Y 2d 668; *Matter of Merritt* v. *Merritt,* 259 App. Div. 242, app. dsmd. 285 N. Y. 561). Rabin, Acting P. J., Hopkins, Munder, Martuscello and Benjamin, JJ., concur.

■ AARON JAY, Appellant, v. EVELYN GLASSMAN et al., Defendants, and KENNETH GLASSMAN et al., Respondents.— In a negligence action to recover damages for personal injuries, plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Kings County, dated September 19, 1969, as, upon reconsideration, adhered to the original decision denying a general preference in trial. Order reversed insofar as appealed from, on the law and the facts, with $10 costs and disbursements, and plaintiff's application for a general preference in trial granted. In our opinion, the view of the court-appointed impartial physician convincingly supplemented the claim of plaintiff's private doctors that plaintiff had sustained at least a permanent partial disability in the nature of recurrent low back aches and that this injury was proximately caused by the accident upon which the action is based. Though defendants' medical proof disputed that conclusion, such dispute should not be resolved in advance of trial and, under the circumstances, plaintiff's claim of continuing injury should be tried out in the Supreme Court where adequate damages may be granted if the triers of the fact believe plaintiff (*Koblein* v. *City of New York,* 30 A D 2d 965; *Kahane* v. *Meehan,* 24 A D 2d 768). Christ, Acting P. J., Rabin, Hopkins and Brennan, JJ., concur; (Beldock, P. J., deceased.)

■ J. J. J. BAR & RESTAURANT INC., Petitioner, v. STATE LIQUOR AUTHORITY et al., Respondents.— Proceeding dismissed on the merits and respondents' determination, dated February 6, 1970, confirmed, with costs.

No opinion. Hopkins, Acting P. J., Munder, Martuscello, Brennan and Benjamin, JJ., concur.

■ J. J. J. BAR & RESTAURANT INC., Petitioner, v. STATE LIQUOR AUTHORITY et al., Respondents.— Motion by petitioner to stay respondents from interfering with the operation of its business, etc., pending determination of this proceeding pursuant to article 78 of the CPLR. Motion denied and stay heretofore granted in the order to show cause dated March 2, 1970 vacated. Hopkins, Acting P. J., Munder, Martuscello, Brennan and Benjamin, JJ., concur.

■ ELAINE P. KAHN, Respondent, v. SAMUEL KAHN, Appellant.— In an action for separation, defendant appeals from an order of the Supreme Court, Westchester County, dated October 8, 1969, which inter alia directed him to pay plaintiff $275 per week for her support and the support of the parties' child and $2,500 as and for plaintiff's counsel fee. Order modified, on the law and the facts, by reducing the amount directed to be paid for support from $275 per week to $175 per week. As so modified, order affirmed, without costs. In our opinion, based on the conflicting affidavits contained in the present record, an award of $175 per week is proper pending trial of this action. The amount of permanent alimony and additional counsel fee allowances, if any, should be determined by the trial court upon the proof adduced at the trial (El Khouri v. El Khouri, 22 A D 2d 687). Hopkins, Acting P. J., Munder, Martuscello, Brennan and Benjamin, JJ., concur.

■ JOHN KEENAN, Respondent, v. DAVID BRUCE et al., Defendants, and COASTAL LUMBER CO., Appellant.— In a negligence action to recover damages for personal injuries, defendant Coastal Lumber Co. appeals from an order of the Supreme Court, Kings County, dated July 15, 1969, which denied its motion for leave to amend its answer so as to deny the allegations in paragraphs of the complaint designated " 2," " 4," " 5," and " 8 " and to deny knowledge or information sufficient to form a belief as to the allegations in paragraph designated " 3 ". Order reversed, on the law and the facts, without costs, and motion granted. Appellant shall serve its amended answer in accordance herewith within 20 days after entry of the order hereon. In our opinion, the omission to make the denials in question was excusable. Plaintiff has not demonstrated any prejudice (Price v. Giffin, 32 A D 2d 868; Kane v. Long Is. Jewish Hosp., 29 A D 2d 554; La Bate v. Meyerbank Elec. Co., 23 A D 2d 503; Sherman v. City of New York, 29 A D 2d 775; Gilbert Props. v. City of New York 33 A D 2d 175). The remaining alleged procedural deficiencies have been examined and found to be insubstantial. Christ, Acting P. J., Rabin, Hopkins, Munder and Brennan, JJ., concur.

■ NAVILLUS INC., Respondent, v. FRANK GUGGINO et al., Appellants, et al., Defendants.— In an action to foreclose a lien on real property for construction materials furnished, the appeal is from an order of the Supreme Court, Westchester County, dated November 24, 1969, which denied appellants' motion to dismiss the complaint for unreasonable failure to prosecute the case. Order reversed, on the law and on the facts, without costs, and motion granted. Plaintiff failed to comply with a notice served upon it pursuant to CPLR 3216 that it file a note of issue within 45 days and has not shown a justifiable excuse for the delay (CPLR 3216, subd. [b], par. [3] ; subd. [e]; Kuroski v. Trenton-Ocean-Nevada Corp., 27 A D 2d 935; Pernise v. Di Giacomo, 25 A D 2d 447). Hopkins, Acting P. J., Munder, Martuscello, Latham and Brennan, JJ., concur.

■ IRVING NOSOWITZ, Appellant, v. 75-76 POLK AVENUE CORPORATION, Respondent.— In a negligence action to recover damages for personal injuries, plaintiff appeals from a judgment of the Supreme Court, Nassau County,